CROMWELL v. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC et al                                            Doc. 5
Case 1:06-cv-00045-MP-AK   Document 5   Filed 03/16/2006   Page 1 of 4

Page 1 of 4

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**CHARLES W. CROMWELL,**

    **Plaintiff,**

vs.                                                                           CASE NO. 1:06cv45-MMP/AK

**MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,**
**et al,**
    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se,* but he has paid the full filing fee and filed a complaint (doc. 1) and an Ex Parte Motion for Temporary Restraining Order seeking relief from a foreclosure sale of his home scheduled for **Tuesday, March 21, 2006.** (Doc. 2). The present lawsuit was filed on March 14, 2006, and there has been no service upon the three named Defendants. Plaintiff, having paid the filing fee, will be responsible for effecting service upon the Defendants. He seeks relief in this Court to stop the foreclosure sale of his home as ordered by the Circuit Court for the Eighth Judicial Circuit Court of Alachua County, Florida. He has also filed a Notice that his lawsuit concerns the constitutionality of "Florida statute Chapter 673, Uniform

Commercial Code: Negotiable Instruments, Article 3, Part III, Enforcement of Instruments." (Doc. 3).

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Guiding this discretion is the required finding that plaintiff has established:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Plaintiff was Defendant in a cause of action he removed to this Court on August 16, 2005. Mortgage Electronic Registration Systems, Inc. v. Cromwell, Case No. 1:05CV140-SPM/AK. Defendant also moved for a temporary restraining order in that case to stop the foreclosure sale of his property, which was scheduled at that time for September 20, 2005. (Doc. 5 in Case No. 1:05cv140). Plaintiff moved to remand the action (doc. 7), which this Court granted on the grounds that Defendant's removal was

untimely and his cause of action was barred by the Rooker-Feldman doctrine. The case was remanded to the state court immediately since it alone had appellate jurisdiction over the foreclosure issue. It is significant that Plaintiff herein has failed to mention his previous case in this Court or attach the disposition of that case upon remand.

It is herein recommended that the instant motion be denied as Plaintiff has presented essentially the same issues which this Court previously determined it had no jurisdiction to decide. The undersigned is not persuaded that Plaintiff's argument regarding the constitutionality of a section of the Uniform Commercial Code significantly alters the nature of these proceedings to confer jurisdiction, which are still an effort to stop a state court ordered foreclosure. Thus, it is substantially *unlikely* that he will be successful on the merits of his claims, and he has the burden of proof as to all four prerequisites for injunctive relief.   Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Ex Parte Motion for a Temporary Restraining Order (doc. 2) be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this 16th day of March, 2006.

s/ A. KORNBLUM
ALLAN KORNBLUM
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Case No. 1:06cv45-MMP/AK

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 1:06cv45-MMP/AK